# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant. | Case No. 2:23-cv-214 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST PALO ALTO NETWORKS, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Lionra Technologies Limited ("Plaintiff" or "Lionra") makes the following allegations against Defendant Palo Alto Networks, Inc. ("Defendant" or "Palo Alto"):

## INTRODUCTION

1. This complaint arises from Palo Alto's unlawful infringement of the following United States patent owned by Plaintiff, which relates to improvements in secure computing systems: United States Patent No. 9,264,441 (the "Asserted Patent").

## PARTIES

2. Plaintiff Lionra Technologies Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Lionra is the sole owner by assignment of all rights, title, and interest in the Asserted Patent, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Palo Alto Networks, Inc. is a Delaware corporation with its principal place of business at 3000 Tannery Way, Santa Clara, CA 95054. Palo Alto is registered to do business in the State of Texas and may be served through its registered agent Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Palo Alto in this action because Palo Alto has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Palo Alto would not offend traditional notions of fair play and substantial justice. Palo Alto maintains several places of business within the State, including at 3901 North Dallas Parkway, Plano, TX 75093. Palo Alto, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Palo Alto is registered to do business in the State of Texas, and has appointed as their registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, for service of process.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Palo Alto is registered to do business in Texas, and upon information and belief, Palo Alto has transacted business in this District and has committed acts of direct and indirect infringement in this District

by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent. Palo Alto has regular and established places of business in this District, including at 3901 North Dallas Parkway, Plano, TX 75093.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,264,441

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,264,441, titled "System and method for securing a network from zero-day vulnerability exploits." The '441 Patent was duly and legally issued by the United States Patent and Trademark Office on February 16, 2016. The '441 Patent is valid and enforceable. A true and correct copy of the '441 Patent is attached hereto as Exhibit 1.

9. Palo Alto makes, uses, offers for sale, sells, and/or imports certain products, including without limitation Palo Alto Networks' private cloud appliances such as WF-500-B running WildFire, WildFire Hybrid Cloud, and WildFire public cloud-based solutions (the "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '441 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '441 Patent. A claim chart comparing exemplary independent claim 11 of the '441 Patent to representative Accused Products is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Palo Alto has injured Plaintiff and is liable for infringement of the '441 Patent pursuant to 35 U.S.C. § 271(a).

12. Palo Alto also knowingly and intentionally induces infringement of one or more claims of the '441 Patent in violation of 35 U.S.C. § 271(b). At least as of the filing and service of this complaint, Palo Alto has knowledge of the '441 Patent and the infringing nature of the Accused Products through, for example, the '441 Patent claim chart served therewith. Despite this knowledge of the '441 Patent, Palo Alto continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '441 Patent. For example, Palo Alto advertises the WildFire security monitoring functionality for the exemplary WF-500-B private cloud appliance:



Ex. 3 (https://www.paloaltonetworks.com/content/dam/pan/en_US/assets/pdf/datasheets/wildfire/wf-500-b-datasheet.pdf).



Exs. 4, 5 (https://docs.paloaltonetworks.com/wildfire/9-1/wildfire-admin/wildfire-overview/about-wildfire#id0876be75-6a98-4e61-8d1a-2ee409bb1ae5).  Further, Palo Alto provides its users with instructions explaining how to set up and utilize WildFire, such as WildFire Private Cloud.  *See* Ex. 6 (https://docs.paloaltonetworks.com/wildfire/9-1/wildfire-admin/wildfire-overview/wildfire-deployments).  Palo Alto provides these instructions, user manuals, and other materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Palo Alto also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '441 Patent, thereby specifically intending for and inducing its customers to infringe the '441 Patent through the customers' normal and customary use of the Accused Products.

13. Palo Alto has also infringed, and continues to infringe, one or more claims of the '441 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '441 Patent, are especially made or adapted to infringe the '441 Patent, and are not staple

articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this complaint, Palo Alto has knowledge of the '441 Patent and the infringing nature of the Accused Products through, for example, the '441 Patent claim chart served therewith. Palo Alto has been, and currently is, contributorily infringing the '441 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, Palo Alto's private cloud appliances such as WF-500-B and/or WildFire, WildFire Hybrid Cloud, and WildFire public cloud-based solutions constitute a material part of the inventions claimed in the '441 Patent, are especially made or adapted to infringe the '441 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 2.

14. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. §287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '441 Patent during the relevant time period or were not required to mark during the relevant time period.

15. As a result of Palo Alto's direct infringement of the '441 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Palo Alto's infringement, but in no event less than a reasonable royalty for the use made of the invention by Palo Alto, together with interest and costs as fixed by the Court.

16. As a result of Palo Alto's indirect infringement of the '441 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Palo Alto's infringement, but in no event less than a reasonable royalty for the use made of the invention by Palo Alto, together with interest and costs as fixed by the Court, accruing as of the time Palo Alto obtained knowledge of the '441 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Palo Alto has infringed, either literally and/or under the doctrine of equivalents, the '441 Patent;

b. A judgment and order requiring Palo Alto to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Palo Alto's infringement of the '441 Patent;

c. A judgment and order requiring Palo Alto to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d. A judgment and order requiring Palo Alto to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Palo Alto; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  May 11, 2023

Respectfully submitted,

*/s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
Jonathan Yim (NY SBN 5324967)
jyim@bc-lawgroup.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

***Attorneys for Plaintiff Lionra Technologies Limited***